IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FILED
NOV - 4 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| LOUIS J. ROGERS  )<br>)<br>Applicant,  )<br>)<br>v.  )<br>)<br>LINNEA B. SAMS, Individually and as  )<br>Trustee of the Linnea B. Sams Revocable  )<br>Living Trust Dated 2/23/2005, Sole Member  )<br>of Gemini 442 West 36th Street 29, LLC  )<br>)<br>Respondent.  )  | Civil No. 3:15cv663<br><br>FINRA Case No. 13-02047 |

## APPLICATION TO CONFIRM ARBITRATION AWARD

Applicant Louis J. Rogers hereby requests this Court to confirm an arbitration award issued by a Panel duly appointed by the Financial Industry Regulatory Authority ("FINRA"). (A copy of the arbitration award that Mr. Rogers seeks to have confirmed is attached as Exhibit A.) In support of this Application, Mr. Rogers shows the Court as follows:

### PARTIES

1. Applicant Louis J. Rogers is a citizen of Virginia and resident of this district.

2. Respondent Linnea B. Sams is a citizen of Virginia and a resident of this district. Upon information and belief, Ms. Sams' current address is 5707 Ocean Front Avenue, Virginia Beach, Virginia, 23451.

### JURISDICTION AND VENUE

3. Mr. Rogers makes this Application to Confirm Arbitration Award under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

4. This Court has subject matter jurisdiction over this Application under 28 U.S.C. § 1331, as Respondent Linnea Sams asserted claims against Mr. Rogers in the underlying arbitration for violations of the federal securities laws, including Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2), Section 10 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated under Section 10 of the 1934 Act, 17 C.F.R. § 240.10b-5. (*See* Exhibit B, Arbitration Statement of Claim filed by Ms. Sams, at Count I, ¶¶ 70-78.)

5. Venue is appropriate in this Court pursuant to Section 9 of the FAA, as no court to confirm the arbitration award was specified in the parties' arbitration agreement, and this Court is "in and for the district within which such award was made." 9 U.S.C. § 9. (*See* Exhibit B.)

## FACTS

6. In July 2013, Ms. Sams (acting in both her personal capacity and her capacity as Trustee of the Linnea B. Sams Revocable Living Trust dated 2/23/2005) filed a Statement of Claim with FINRA complaining about a Tennant in Common investment recommended to her by Mr. Rogers and National Securities Corporation ("NSC"), the broker-dealer with which Mr. Rogers was registered at the time of Ms. Sams' investment. FINRA assigned Case Number 13-02047 to the dispute.

7. NSC and Rogers filed an Answer with FINRA on November 14, 2013, in which they denied the allegations and raised various affirmative defenses. (*See* Exhibit C, Arbitration Answer.)

8. Ms. Sams reached a monetary settlement with NSC and separately agreed with Mr. Rogers to dismiss her claims against him with prejudice in exchange for a

release of any claims he had against her. On or about February 19, 2015, Ms. Sams dismissed her claims against NSC and Mr. Rogers. Mr. Rogers requested that FINRA keep the matter open for the purpose of requesting expungement of all references to the arbitration from Mr. Rogers' Central Registration Depository ("CRD") record.

9. In accordance with the FINRA Code of Arbitration Procedure for Customer Disputes, the arbitration Panel conducted an in-person evidentiary hearing on May 21, 2015 to address Mr. Rogers' expungement request. Ms. Sams was given notice of the hearing but (through her counsel) declined to participate.

10. On June 10, 2015, the arbitrators issued their award, recommending the expungement of all references to the arbitration from Mr. Rogers' CRD record. (*See* Exhibit A.)

11. The award specifically notes that, because of the parties' settlement, "the Panel made no determinations with respect to any requests contained in the Statement of Claim." (*Id.*) NSC is not affected by the award, will not be affected by the confirmation of the award, and is not a necessary party to this action.

12. In accordance with FINRA Rules 12805 and 2080, the arbitrators made the recommendation for expungement based on the following affirmative findings of fact:

> The claim, allegation, or information is false . . . in that the allegations regarding suitability in the Statement of Claim, particularly with reference to Claimants' net worth, investment experience, risk tolerance, and knowledge of the area of the economy invested in, all of which are material to Claimants' allegations of "unsuitability," are not supported by the evidence and are, rather, contradicted by the evidence presented to the Panel, and therefore have caused the Panel to conclude that the claims are "false" as that term is used in Rule 2080. In particular, the Panel finds that Claimants were knowledgeable and experienced investors in the type of investment at issue, were fully advised of the risks involved, had previously engaged in similar investments (which were profitable), and that Respondent Rogers at all times comported himself in accordance with

> applicable rules and regulations and did not in any way mislead, misdirect, or fail to advise Claimants regarding the investment at issue.

(Exhibit A at 3, ¶¶ 2-3.)

13. FINRA Rule 2080 requires that an arbitration award recommending expungement relief must be confirmed by a court of competent jurisdiction before the CRD will execute the expungement directive. (A copy of FINRA Rule 2080 is attached hereto as Exhibit D.)

14. FINRA, acting in accordance with FINRA Rule 2080(b)(1), has expressly waived the requirement that it be named as a party to any proceeding to obtain judicial confirmation of an arbitration award recommending expungement relief. (A copy of FINRA's waiver is attached as Exhibit E.)

15. Section 9 of the FAA governs confirmation of arbitration awards. The section provides, in relevant part:

> [A]t any time within one year after the award is made, any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

16. Ms. Sams has not requested that the award be vacated, modified, or corrected under Sections 10 or 11 of the FAA, and the three-month time limitation for such requests has expired. *See* 9 U.S.C. § 12.

17. Section 9 of the FAA mandates the confirmation of the award under these circumstances.

**WHEREFORE**, Rogers prays that the Court:

1. Make and enter an Order confirming the award of the arbitrators as authorized by 9 U.S.C. § 9;

2. Enter a judgment confirming the award of the arbitrators;

3. Order the expungement of this matter from Mr. Rogers' CRD record; and

4. Grant any other further relief as may be just and proper.

This the 3rd day of November 2015.

**Louis J. Rogers**

By: *Todd Ratner*
COUNSEL

Todd Ratner (VA Bar No. 66857)
TODD RATNER PLC
7201 Glen Forest Drive, Suite 102
Richmond, VA 23226
804-665-1040 (main)
866-876-6700 (fax)
todd.ratner@ratnerplc.com

*Counsel for Applicant Louis J. Rogers*